UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER KOLTZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL HAWS, III,<br><br>　　　　　Defendant. | 4:16-CV-04116-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE AND GRANTING IN PART AND DENYING IN PART MOTION TO QUASH OR MODIFY SUBPOENAS AND OBJECTIONS AND MOTION FOR SANCTIONS |

Plaintiff, Christopher Koltz, filed three motions in limine, including a motion to preclude any testimony of Dr. Douglas Martin as a late-disclosed expert. Docket 37. Dr. Martin has filed a motion to quash or modify subpoenas and objections and a motion for sanctions. Docket 53. Plaintiff filed a response. Docket 54. Defendant, Daniel Haws, III, also filed a response in opposition to Dr. Martin's motion. Docket 56. For the following reasons, the court grants plaintiff's third motion in limine, grants Dr. Martin's motion to quash the subpoenas, and denies Dr. Martin's motion for sanctions.

**DISCUSSION**

On or about March 9, 2018, defendant subpoenaed Dr. Martin to produce his current curriculum vitae and a list of cases in which Dr. Martin has testified during the past 4 years by April 3, 2018 at 10:00 a.m. under Fed. R. Civ. P. 26. Docket 53-3. Defendant also subpoenaed Dr. Martin to testify at

1

the trial for this matter on April 11, 2018. Docket 53-4. Plaintiff then subpoenaed Dr. Martin to appear at a deposition on April 3, 2018. Docket 53-5. Dr. Martin moves to quash all three subpoenas because the information being sought is the attorney work product of the South Dakota Bureau of Human Resources. Docket 53.

Plaintiff has so far filed three motions in limine in this case. The third motion in limine seeks to preclude Dr. Martin from testifying because defendant disclosed Dr. Martin as an expert on March 19, 2018. *See* Dockets 37, 38. In response, defendant states that he did not receive Dr. Martin's IME report until plaintiff provided it to defendant on March 8, 2018. Docket 49.[1] Plaintiff relies on Federal Rule of Civil Procedure 26 to preclude Dr. Martin from testifying as defendant's expert.

Rule 26 first provides, "[u]nless otherwise stipulated or ordered by the court, [an expert's] disclosure must be accompanied by a written report" that contains the witness's opinions and the basis and reasons for those opinions, facts considered in forming those opinions, exhibits that will be used to support those opinions, the witness's qualifications, a list of other cases during the last four years in which the witness testified as an expert, and a statement of the witness's compensation. Fed. R. Civ. P. 26(a)(2)(B). Rule 26 also states,

---

[1] In response to Dr. Martin's Motion to Quash, plaintiff states that the South Dakota Bureau of Human Resources required plaintiff to attend the IME performed by Dr. Martin on February 7, 2018. Docket 54. Plaintiff then had to subpoena the Bureau in order to obtain plaintiff's workers' compensation file before he could supply the information to defendant. *Id.*

2

in pertinent part, that "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The court issued its first scheduling order in this case on December 15, 2016. Docket 14. The scheduling order stated that the identity of and report from defendant's retained expert under Rule 26(a)(2) was due by May 17, 2017, and any supplements would be due twenty days before trial. *Id.* The scheduling order also articulated that "[a]ny expert not so designated will not be permitted to testify at trial[,]" and the expert disclosures "will be accompanied by a written report prepared and signed by the witness" with the Rule 26(a)(2)(B) requirements. *Id.* While the parties jointly moved to extend certain deadlines in the scheduling order, the parties did not move to extend the expert disclosure deadlines. *See* Dockets 19, 20.

Here, defendant did not comply with the court's scheduling order or Rule 26 of the Federal Rules of Civil Procedure. Dr. Martin was disclosed as defendant's designated expert on March 19, 2018, but the deadline was May 17, 2017. Because the deadline has already passed, defendant must show excusable neglect for the late disclosure. Fed. R. Civ. P. 6(b)(1)(B). Defendant has not provided any evidence to the court that he took any steps to secure an expert witness prior to the disclosure deadline. He has not shown either excusable neglect or good cause for failure to meet the deadline. *See Mullen v. Heinkel Filtering Sys., Inc.*, 2013 WL 4766785 (N.D. Iowa Sept. 4, 2013).

This case is currently scheduled to begin a jury trial on April 10, 2018. Defendant has not disclosed Dr. Martin's opinions, qualifications, or a list of

cases in which he has testified during the last 4 years, as is required by Fed. R. Civ. P. 26 and this court's scheduling order. Thus, the court finds that in light of defendant's very late disclosure of his designated expert's identity—namely, only a few weeks before trial—the appropriate sanction here is to preclude Dr. Martin from testifying as defendant's expert at trial. *See Kirk v. Schaeffler Group USA, Inc.*, 2016 WL 868853, at *1-2 (W.D. Mo. Mar. 7, 2016) (barring defendants from calling their designated expert as a witness because the expert was disclosed after the scheduling order deadline and would prejudice plaintiff); *Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1060 (S.D. Iowa 2013) (concluding plaintiff's expert disclosures did not comply with Rule 26 and limiting the expert's opinion testimony as a sanction). Because he cannot testify at trial, plaintiff does not need to depose Dr. Martin as defendant's expert witness. Thus, it is

ORDERED that plaintiff's third motion in limine (Docket 37) is granted.

IT IS FURTHER ORDERED that Dr. Martin's motion (Docket 53) is granted in part and denied in part. The court grants Dr. Martin's motion to quash the three subpoenas and denies Dr. Martin's motion for sanctions.

DATED this 2nd day of April, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE